UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAIN DAVID BARTON,

        Plaintiff,

vs.                                              Case No.
                                                 Hon.

OFFICER MARTIN, OFFICER DEAN VANN, OFFICER MANCHESTER AND JOHN DOES 1-6, jointly and severally in their individual capacities

        Defendants.

_____/

HUGH M. DAVIS (P12555)
CYNTHIA HEENAN (P53664)
CONSTITUTIONAL LITIGATION ASSOCIATES, P.C.
450 W. FORT ST., STE. 200
DETROIT, MI 48226
313-961-2255/FAX: 313-922-5130
DAVIS@CONLITPC.COM
HEENAN@CONLITPC.COM
INFO@CONLITPC.COM
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

This is a complaint for violation of civil rights in the form of false arrest without probable cause arising out of an incident on November 3, 2014, in the City of Lincoln Park, Wayne County, Michigan, arising under 42 U.S.C. §1983 and pendent state claims.  It is also alleging violations of the Michigan Freedom of Information Act, MCL 15.231 et. seq.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Dwain David Barton (hereinafter referred to as "Barton") is a citizen of the State of Michigan, currently residing in the Village of Blissfield in the County of Lenawee, MI.

2. The events giving rise to this action occurred at Plaintiff's former residence at 2209 Progress Ave., Lincoln Park, MI 48146.

3. Defendant Officer Martin (hereafter MARTIN) is an officer with the City of Lincoln Park police department responsible at least in part for animal control issues, who at the time of the events complained of was acting within the scope and course of his employment and under color of state law. He is sued in his individual capacity.

4. Defendant Officer Dean Vann (hereafter VANN) is an officer with the City of Lincoln Park police department, who at the time of the events complained of was acting within the scope and course of his employment and under color of state law. He is sued in his individual capacity.

5. Defendant Officer A. Manchester (hereafter MANCHESTER) is an officer with the City of Lincoln Park police department, who at the time of the events complained of was acting within the scope and course of his employment and under color of state law. He is sued in his individual capacity.

6. Defendant John Does #1-6 are additional police officers for the City of Lincoln Park who responded to Plaintiff's residence on the subject date.

7. Jurisdiction is founded on 42 U.S.C. §1983 (federal question) and 28 U.S.C. 1343 (civil rights). Supplemental jurisdiction for state claims arise under 28 U.S.C. §1367.

8. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §1391, inasmuch as the events complained of occurred there and all parties reside there.

## COMMON ALLEGATIONS OF FACT

9. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

10. On November 3, 2014 around midday, Plaintiff Barton saw a cat in his yard belonging to his neighbor, and fired a warning BB gun shot into the yard to scare it off.

11. The neighbor's cat had a history of spraying on Barton's kids' toys in the yard, which was an ongoing source of tension between him and his neighbor.

12. The cat had just bitten his daughter.

13. Barton's neighbor came outside and they got in an argument. Plaintiff told the neighbor if he saw the cat in the yard again, he was going to shoot it in the head.

14. The neighbor went back into her house and called Animal Control and/or 911.

15. Defendant MARTIN responded to the scene.

16. Defendant MARTIN knocked on the door of Barton's home and asked to speak with him. A relative answered the door and fetched Dwain.

17. MARTIN asked to see ID. Barton asked if he was getting arrested or charged with anything, or if MARTIN had a warrant

18. Manchester said that he was not arresting or charging Barton, and that he did not have a warrant, but that Barton would be issued a citation.

19. Barton refused to show ID and ordered MARTIN off the property, after which MARTIN retreated to the sidewalk (or perhaps his vehicle).

20. MARTIN requested backup. Defendant officers JOHN DOE #1-2 showed up within minutes, followed by Defendant officers JOHN DOE #3-6 over the course of a few more minutes. The officers discussed what to do on the sidewalk.

21. Barton's family members who were on the porch pointed out the "no trespassing" sign and told the officers to go away.

22. Barton continued to ask to see a warrant and telling the police to leave his property if they did not have one.

23. There was some verbal back and forth between family members and officers before one of the officers (believed to be Defendant VANN) barreled through the kitchen door and roughly seized and arrested Barton by body-slamming him into the counter and twisting his arms behind his back.

24. Barton asked the officers to be mindful of a PREVIOUS rotator cuff injury.

25. Barton was handcuffed and taken into custody.

26. Barton was released on $500 cash bond on November 3, 2014 approximately three hours after his arrest.

27. Plaintiff was issued a citation for "animal cruelty" (No. A-328402) in the 25th District Court in Lincoln Park by Defendant MANCHESTER.

28. The charges were ultimately dismissed.

29. The acts of the Defendants, and each of them, were undertaken willfully, wantonly, recklessly and with deliberate indifference to and callous disregard for Plaintiff's health, safety, welfare well-being and constitutional rights.

30. As a result of the acts of the Defendants, Plaintiff suffered physical injuries to his wrist from overly tight handcuffs and exacerbated a rotator cuff injury and other injuries to his neck, shoulder, and/or arms. The injuries suffered in November 3, 2014, to the rotator cuff continue to this day and Plaintiff is facing

the choice of whether to have potentially serious surgery, the outcome of which is uncertain and potentially deleterious.

31. For all of the reasons set forth above, Plaintiff claims damages economic, non-economic, compensatory, punitive and exemplary for:

a. Seizure and three hours in jail

b. Injuries to wrist and rotator cuff, shoulder, neck, back, arms and exacerbation of previous injuries

c. Legal expenses

d. Past and future Medical expenses

e. Lost work and income

f. Pain and suffering

g. Mental anguish and emotional distress, embarrassment and humiliation

h. Loss of society and companionship

i. Loss of enjoyment of life

j. Such other damages as are available under state and federal law.

## COUNT I
## 4TH AMENDMENT – ILLEGAL ENTRY
## UNDER 42 U.S.C. §1983

32. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

33. Plaintiff submitted FOIA requests to the City of Lincoln Park prior to filing this Complaint on March 3, 2015 and April 7, 2015 which were not responded to in any manner.

34. The acts of Defendants described above in entering Plaintiff's home without a warrant, probable cause or exigent circumstances, violated the prohibition against unreasonable searches or entry into homes as guaranteed by the 4th Amendment, entitling Plaintiff to damages described above.

WHEREFORE, Plaintiff prays this Honorable Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive wrongfully sustained by Plaintiff, together with interest, costs and attorney fees pursuant to 42 U.S.C. §1988.

## COUNT II
## 4TH AMENDMENT
## UNREASONABLE SEIZURE AND PROSECUTION WITHOUT PROBABLE CAUSE

35. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

36. The acts of physically seizing, arresting and charging Plaintiff with animal cruelty without probable cause constitute separate unreasonable seizures under the 4th Amendment, entitling him to damages described above.

WHEREFORE, Plaintiff prays this Honorable Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive wrongfully sustained by Plaintiff, together with interest, costs and attorney fees pursuant to 42 U.S.C. §1988.

## COUNT III
## 4TH AMENDMENT
## EXCESSIVE FORCE

37. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

38. The acts of physically assaulting and abusing Plaintiff to the extent that it caused injuries and required medical treatment in the course of arresting him was excessive and unreasonable force in violation of the 4th Amendment, entitling Plaintiff to damages, as set forth above.

WHEREFORE, Plaintiff prays this Honorable Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive wrongfully sustained by Plaintiff, together with interest, costs and attorney fees pursuant to 42 U.S.C. §1988.

## COUNT IV
## 1ST AMENDMENT RETALIATION

39. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

40. The act of the Defendants in response to Plaintiff's questioning of them and criticism of Defendants' actions constituted a violation of Plaintiff's right to criticize public employees, exercise free speech and petition for redress of grievances under the 1st Amendment, subjecting him to unconstitutional retaliation in violation of his First Amendment rights, entitling him to damages, as set forth above.

WHEREFORE, Plaintiff prays this Honorable Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive wrongfully sustained by Plaintiff, together with interest, costs and attorney fees under 42 U.S.C. §1988.

## COUNT V
## MICHIGAN CONSTITUTION – SEARCHES AND SEIZURES

41. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

42. The acts complained of above by the Defendants violated Article I §11 of the Michigan Constitution insofar as they were illegal entries into his home without a warrant, probable cause or exigent circumstances and insofar as he was

seized and arrested in a violent and injurious manner although he did not physically resist

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and exemplary wrongfully sustained by Plaintiff, together with his interest, costs and attorney fees, so wrongfully incurred.

## COUNT VI
## ASSAULT AND BATTERY

43. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

44. The act of Defendants constituted a common law assault and battery on Plaintiff.

45. Defendant police officers intended to cause and did cause a harmful contact with the Plaintiff's person when they forcefully entered Plaintiffs home, body slammed him into the kitchen counter and twisted Plaintiff's arms behind his back.

46. Plaintiff did not consent to the Defendants' acts.

47. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries as described above.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just and equitable for

the injuries and damages, compensatory and exemplary wrongfully sustained by Plaintiff, together with his interest, costs and attorney fees.

## COUNT VII
## COMMON LAW FALSE ARREST AND IMPRISONMENT

48. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

49. The acts of Defendants described above constituted common law false arrest and imprisonment of Plaintiff.

50. Defendant officers arrived at Barton's home, forcefully entered it, and handcuffed Barton with the intention of confining him.

51. The arrival of nine officers at Barton's home did indirectly confine Barton to within his home. Barton could not leave his home without facing arrest.

52. The entrance of Defendant officers into Barton's home, and their forceful arrest of Barton did directly confine Barton.

53. Barton was conscious of both his indirect and direct confinement.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and exemplary wrongfully sustained by Plaintiff, together with his interest, costs and attorney fees.

## COUNT VIII
## STATUTORY AND COMMON LAW MALICIOUS PROSECUTION

54. Plaintiff incorporates by reference all paragraphs above and below as though fully stated herein.

55. The acts of Defendants described above constituted common law malicious prosecution of Plaintiff.

56. It also violated MCL 600.2907, the Michigan malicious prosecution statute.

57. The "Animal Cruelty" proceedings instituted by the Defendant officers terminated in favor of Barton when all charges against him were dismissed.

58. The Defendant officers lacked probable cause to arrest Barton and to institute animal cruelty proceedings against Barton.

59. The Defendant officers instituted prior proceedings against Plaintiff with malice for a purpose other than that of securing the proper adjudication of the charge of animal cruelty on which the prior proceedings were based.

WHEREFORE, Plaintiff prays this Honorable court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and exemplary wrongfully sustained by Plaintiff, together with his interest, costs and attorney fees.

## COUNT IX
## FOIA VIOLATION

60. Plaintiff incorporates by reference all paragraphs above and below as through fully stated herein.

61. Defendant Lincoln Park's failure to respond to Plaintiff's FOIA requests of March 3 2015 and April 7 2015 are violations of Michigan's FOIA/MCL 15.231 et seq.

WHEREFORE, Plaintiff requests this Court order Defendant City of Lincoln Park to pay a civil fine of not less than $2,500 and not more than $7,500 to the State Treasury for each violation of the FOIA pursuant to MCL 15.240(6), plus reasonable attorney fees and costs for prosecuting from this Court pursuant to 15.240(6), plus a civil fine of $1,000 and punitive damages for failure to respond to each FOIA request.

Respectfully submitted,

  *s/Hugh M. Davis*
HUGH M. DAVIS (P12555)
Cynthia Heenan (P53664)
Constitutional Litigation Associates, P.C.
***Attorneys for Plaintiff***
450 W. Fort St., Ste. 200
Detroit, Michigan 48226
(313) 961-2255/Fax: (313) 922-5130
Davis@ConLitPC.Com
Heenan@ConLitPC.Com
Info@ConLitPC.Com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAIN DAVID BARTON,

        Plaintiff,

vs.                                        Case No.
                                          Hon.

CITY OF LINCOLN PARK, A. MANCHESTER,
DEAN VANN AND JOHN DOES 1-6, jointly and
severally in their individual capacities

        Defendants.

_____/

HUGH M. DAVIS (P12555)
CYNTHIA HEENAN (P53664)
CONSTITUTIONAL LITIGATION ASSOCIATES, P.C.
450 W. FORT ST., STE. 200
DETROIT, MI 48226
313-961-2255/FAX: 313-922-5130
_____/

## PLAINTIFF'S JURY DEMAND

    Plaintiff, Dwain David Barton, by and through counsel, demands a trial by jury in the above-captioned matter.

                                        Respectfully submitted,
                                        _s/Hugh M. Davis_____
                                        HUGH M. DAVIS (P12555)
                                        Cynthia Heenan (P53664)
                                        Constitutional Litigation Associates, P.C.
                                        ***Attorneys for Plaintiff***
                                        450 W. Fort St., Ste. 200
                                        Detroit, Michigan 48226
                                        313-961-2255/Fax: 313-922-5130
                                        Davis@ConLitPC.Com

F:\Cases\Barton, Dwain\Pldgs\Complaint and Demanded for Jury Trial (2016-10-07) HS edits.docx